FILED

2006 May-31  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH EARL WILLIAMS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-06-CO-00458-S |
| | ] | |
| STATE OF ALABAMA, et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

The Court has for consideration two motions to dismiss, which were
filed by the State of Alabama and the Alabama Board of Education on April
6, 2006 (Doc. 8), and the "Alabama Judicial System" on April 17, 2006 (Doc.
11). Mr. Williams has sued "the State of Alabama, Alabama Judicial System,
Alabama Board of Education, Local and County Governments, and Un-Named
Parties (some possibly in the United States 11th Circuit Court System)" for
alleged violations of Title II of the Americans with Disabilities Act, 42 U.S.C.
§§ 12131-12134 ("ADA"); the Rehabilitation Act of 1973, Section 504; and the
Thirteenth Amendment of the U.S. Constitution. Defendants argue, in part,
that Mr. Williams has failed to state a cause of action upon which relief can
be granted. After reviewing Defendants' submissions in support of their

motions, and Plaintiff's response thereto, it is the opinion of this Court that Defendants' motions to dismiss are due to be granted.[1]

## I.      Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas*

---

[1]While Plaintiff has filed a "motion to transfer venue" to a court "outside the 11th Circuit," (Doc. 4) the Court notes: (1) Plaintiff chose the venue for this action when he filed his complaint; (2) Plaintiff has not specified where he wants this case to be transferred or established that a specific venue outside the Eleventh Circuit would be proper; and (3) there has been no showing that the current venue is improper, or that convenience factors or the interests of justice militate transfer of this case to a different district.  Therefore, Plaintiff's request is denied.

*County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  Further, a court must be particularly liberal in interpreting the "inartful pleading" of a pro se plaintiff.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

## II.    Discussion.

### A.    Improper Defendants.

Because the "Alabama Judicial System," "Local and County Governments," and "Un-Named Parties"[2] do not exist and are not entities subject to suit in a Federal District Court, all claims against these defendants will be dismissed.

### B.    Thirteenth Amendment Claim.

It appears that Mr. Williams is asserting a Thirteenth Amendment claim in his complaint.  (Compl. at 2-3.)  "The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for

---

[2]Unlike Alabama state courts, there is no fictitious party practice in the courts of the United States.

crime . . . , shall exist within the United States . . . ." *Greenberg v. Zingale,* 138 Fed. Appx. 197, 200 (11th Cir. 2005) (unpublished opinion) (quoting U.S. Const. Amend XIII, § 1).  "As stated by the Supreme Court, "[t]he primary purpose of the [Thirteenth] Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War . . . ." *Id*. (quoting *United States v. Kozminski*, 487 U.S. 931, 942, 108 S.Ct. 2751, 2759, 101 L.Ed.2d 788 (1988)).  "In *Kozminski*, the Supreme Court noted that 'in every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction.'" *Id*. (quoting *Kozminski*, 487 U.S. at  943, 108 S.Ct. at 2760).  The assertions made in Plaintiff's complaint are "not the type the Thirteenth Amendment was designed to address."  *Id*. Therefore, Mr. Williams has failed to state a cause of action under the Thirteenth Amendment, and that claim will be dismissed.

**C.    Discrimination Claims.**

Mr. Williams requests judgment in his favor against Defendants under Title II of the ADA and Section 504 of the Rehabilitation Act.  (Compl. at 3.) In order to state a claim under the Rehabilitation Act or Title II of the ADA,

Page 4 of  7

a plaintiff must allege: "(1) that he is a qualified individual with a disability; [and] (2) that he was excluded from participation in or . . denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated against by such entity; (3) by reason of such disability." *Badillo v. Thorpe*, 158 Fed. Appx. 208, (11th Cir. 2005) (unpublished opinion) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001)); *see also, e.g., Cash v. Smith*, 231 F.3d 1301, 1305 & n.2 (11th Cir. 2000). Mr. Williams' allegations, even when taken as true, do not state such a claim against the remaining defendants.

In his complaint, Mr. Williams states that he has a disability of "Marked Dysphoneidetic Dyslexia." (Compl. at 1.) He says that he was "kicked out of the Alabama Educational System at the same age as Einstein, [and] was told that he would never accomplish anything and that he was too disruptive." (Compl. at 2.) Since that time, however, "Plaintiff's accomplishments and successful and unwavering career of approximately 30 years speak for themselves." (*Id*.) Even if these particular allegations could be construed to support a violation of the ADA or the Rehabilitation Act (which they do not), this claim is clearly time-barred by the applicable two-

year statue of limitations and due to be dismissed.  *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407 (11th Cir. 1998).

Mr. Williams further avers that "[m]any of the Defendants have made a complete public mockery of the Plaintiff's disability in open court [by] claiming that he would be retarded and could not be as brilliant as he clearly is"; "failed to acknowledge the Plaintiff's disability[;] and failed to disclose to the Plaintiff and the proper authorities that he suffered from a disability." (Compl. at 2.)  Mr. Williams also states that Defendants did not "fully accommodate" his disability.  (Compl. at 1.)  This Court cannot deduce which defendants are being accused of these actions, and Mr. Williams does not provide any factual averments to support his charges.  Mr. Williams' allegations, even when liberally construed, do not state a claim under either the ADA or Rehabilitation Act.

## III.   Conclusion.

For the reasons stated above, Defendants' motions to dismiss (Docs. 8, 11) will be granted, and this cause will be dismissed in its entirety,

Page 6 of  7

without prejudice.[3]  A separate order in conformity with this opinion will be issued.

Done this <u>31st</u> day of <u>May 2006</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297

---

[3]The Court notes that Mr. Williams filed a motion to amend his complaint and name additional defendants (Doc. 19) shortly after he filed a response to Defendants' motions to dismiss.  Mr. Williams' motion seeks to name the Jefferson County Circuit Court, Shelby County Circuit Court, and Shelby County as additional defendants, and also appears to add claims under the Elementary and Secondary Education Act of 1965, Fair Credit Reporting Act, "Fair Lending Laws," the Fair Housing Act, and the Fourteenth Amendment to the U.S. Constitution.  Even if this Court were to grant Mr. Williams motion to amend, his proposed amendment contains many of the same deficiencies discussed in this Opinion; fails to state a claim against the newly-named defendants for which this Court can grant any relief; and fails to allege facts that support a claim for which relief can be granted against the already-named defendants under Mr. Williams' newly-proposed legal theories. Therefore, the amendment would not save this cause.